UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
ELENA KHOTOVITSKAYA f/k/a ELENA
PANOVA,

                            Plaintiff,

            -against-

ALBERT SHIMUNOV and DAVID SHIMUNOV,

                            Defendants.

**ORDER
18-CV-7303 (NGG) (CLP)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Elena Khotovitskaya, formerly known as Elean Panova, brings this breach of contract action against Defendants Albert and David Shimunov. (Compl. (Dkt. 1).) Pending before the court is Plaintiff's motion for default judgment as well as Defendants' motions to vacate the defaults entered against them, which the court referred to Chief Magistrate Judge Cheryl L. Pollak for a report and recommendation ("R&R"). (*See* Mot. for Default J. (Dkt. 15); Mot. to Set Aside Default (Dkt. 20); Sept. 23, 2019 Order Referring Mot.) Also before the court is Plaintiff's cross-motion for attorneys' fees. (*See* Cross Mot. for Atty. Fees (Dkt. 22).) Judge Pollak issued an R&R on March 10, 2020, recommending that the court: (1) deny the motion for default judgment; (2) grant Defendants' motions to set aside the defaults, and (3) award Plaintiff attorneys' fees upon the filing of appropriate documentation. Plaintiff filed timely objections to the R&R, arguing that Defendants failed to establish a meritorious defense to Plaintiff's breach of contract claim making vacatur of the defaults entered against them unwarranted. (Pl. Obj. to R&R ("Pl. Obj.") (Dkt. 31) at 1-3.)

For the reasons explained below, Plaintiff's objections are OVERRULED and Judge Pollak's R&R is ADOPTED in full.

## I.   LEGAL STANDARD

In reviewing an R&R from a magistrate judge regarding a dispositive motion, the district court "may adopt those portions of the report to which no objections have been made and which are not facially erroneous." *Romero v. Bestcare Inc.*, No. 15-CV-7397 (JS), 2017 WL 1180518, at *2 (E.D.N.Y. Mar. 29, 2017);[1] *see also Impala v. U.S. Dep't of Justice*, 670 F. App'x 32, 32 (2d Cir. 2016) (summary order) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision."). "A decision is 'clearly erroneous' when the Court is, 'upon review of the entire record, left with the definite and firm conviction that a mistake has been committed.'" *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339-40 (S.D.N.Y. 2009) (quoting *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006)).

The district court must review *de novo* "those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). To obtain *de novo* review, an objecting party "must point out the specific portions of the [R&R]" to which it objects. *Sleepy's LLC v. Select Comfort Wholesale Corp.*, 222 F. Supp. 3d 169, 174 (E.D.N.Y. 2016). If a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the [R&R] only for clear error." *Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (holding that plaintiff's objection to an R&R was "not specific enough" to "constitute an adequate objection under . . . Fed. R. Civ. P. 72(b)").

---

[1] When quoting cases, unless otherwise noted, all citations and quotation marks are omitted and all alterations are adopted.

## II. DISCUSSION

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "Because Rule 55(c) does not define the term 'good cause,' the Second Circuit has established three criteria that must be assessed in order to decide whether to relieve a party from default." *Bricklayers and Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constrs., LLC*, 779 F.3d 182, 186 (2d Cir. 2015). "These criteria are: (1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party." *Id.* Judge Pollak analyzed Defendants' motion in light of these factors, and held that the default should be vacated. (R&R at 15-16.)

Plaintiff objects to Judge Pollak's finding that Defendants put forward a meritorious defense. Judge Pollak credited Defendants' argument that Plaintiff did not simply loan Defendants money, but rather invested in a health clinic run by Defendants "whose payments to [Defendants] were made in exchange for the ownership of a percentage of the business." (R&R at 12-13.) Judge Pollak analyzed affidavits submitted by Defendants to support their claimed defense, as well as affidavits submitted by Plaintiff to support her claim that she was not considering an investment in Defendants' health clinic, but rather was simply lending Defendants money. (*Id.* at 13). Noting the presence of "competing declarations and affidavits submitted by both sides," Judge Pollak held "that there are clearly disputed issues of fact, resolution of which would affect the outcome of the litigation. Given the preference for resolving claims on their merits, this factor weights heavily in the [c]ourt's determination as to the motion to vacate the default." (*Id.*)

Plaintiff objects, arguing that Defendants have not put forward a meritorious defense. In particular, Plaintiff argues that Judge Pollak failed to consider that the parol evidence rule precludes the

3

court from considering Defendants' oral evidence as varying in any way the terms of the written promissory notes between the parties. (Pl. Obj. at 3.) In addition, Plaintiff argues that Defendants' witnesses "utterly fail[] to provide a coherent and consistent account that could support the existence of such an oral agreement at odds with the promissory notes." (*Id.* at 3-4.) Plaintiff argues that Defendants have thus failed to present a meritorious defense and that vacatur of the default entered against them is therefore unwarranted. (*Id.*)

Plaintiff's objections are overruled. "To satisfy the criterion of a 'meritorious defense,' the defense need not be ultimately persuasive at this stage." *American Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996); *see also State Farm Mut. Auto. Ins. Co. v. Cohan*, 409 F. App'x 453, 456 (2d Cir. 2011) (summary order) ("In order to make a sufficient showing of a meritorious defense in connection with a motion to set aside a default, the defendant need not establish his defense conclusively," but rather present facts that would constitute a defense). In this case, Defendants have put forward multiple affidavits supporting their contention that any payments made by Plaintiff to Defendants were investments in Defendants' business made in exchange for a stake in the business. (*See* R&R at 12-13.) Plaintiff's parole evidence argument is therefore premature at this stage, especially given that Defendants seek vacatur of a default and not a default judgment. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993) (noting that although the same factors are applied in determining whether to vacate a default or default judgment, "courts apply the factors more rigorously in the case of a default judgment . . . because the concepts of finality and litigation repose are more deeply implicated in the latter action"); *see also McLean v. Wayside Outreach Development Inc.*, 624 F. App'x 44,

4

45 (2d Cir. 2015) (summary order) (noting a "strong preference for resolving disputes on the merits.").[2]

In addition, Plaintiff's contention that the testimony of Defendants' witnesses "utterly fails to provide a coherent and consistent account that could support the existence" of an oral investment agreement, *see* R&R at 3, is unavailing. Such an argument goes to the likelihood of Defendants' success in proving their defense, which is not the standard at this stage of litigation. *See Team Kasa, LLC, v. Humphrey*, No. 17-CV-1074 (JS) (AKT), 2018 WL 1867117, at *8 (E.D.N.Y. Jan. 24, 2018) (Whether party advances meritorious defense "is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense").

Ultimately, the court agrees with Judge Pollak's conclusion that "given the amount of money at stake—over two million dollars—and that the facts underlying the business transaction are vigorously disputed between plaintiff and defendants . . . the issues are best resolved on the merits." (R&R at 16.) Such a conclusion is consistent with the fact that "defaults are not favored . . . and doubts are to be resolved in favor of a trial on the merits." *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981).

## III.  CONCLUSION

For the reasons stated above, Plaintiff's Objections to Judge Pollak's (Dkt. 30) R&R are OVERRULED and the R&R is ADOPTED

---

[2] That the court finds Defendants' asserted defense sufficient for the purposes of Rule 55(c) does not mean that the court thinks that Plaintiff's argument is without merit. However, determination of that issue is properly decided on a motion on the merits.

in full. The court DIRECTS Plaintiff to submit appropriate documentation to support a fee award as described in the R&R.

SO ORDERED.


Dated:     Brooklyn, New York
           May 1, 2020

                                           /s/ Nicholas G. Garaufis
                                          NICHOLAS G. GARAUFIS
                                          United States District Judge