UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ELENA KHOTOVITSKAYA *f/k/a* ELENA PANOVA,

                        Plaintiff,

      -against-

ALBERT SHIMUNOV *and* DAVID SHIMUNOV,

                        Defendants.
----------------------------------------------------------X

**REPORT AND RECOMMENDATION**
18 CV 7303 (NGG) (CLP)

**POLLAK**, Chief United States Magistrate Judge:

On December 2, 2018, plaintiff Elena Khotovitskaya, formerly known as Elena Panova, filed this action against defendants Albert Shimunov and David Shimunov, seeking recovery of $2,000,000 under nine promissory notes issued in her favor by Albert and guaranteed by David Shimunov. When defendant Albert Shimunov failed to file an Answer or otherwise respond to plaintiff's Complaint, plaintiff moved for entry of a default, which the Clerk of Court entered on March 4, 2019. On March 18, 2019, the Clerk of Court then entered a default against David Shimunov after he failed to file an answer.

On June 27, 2020, plaintiff moved for default judgment, but on September 9, 2019, defendants moved to vacate the defaults entered against them. In response, plaintiff then cross-moved for attorneys' fees. On March 30, 2020, the Court issued a Report and Recommendation respectfully recommending that defendants' motion to set aside the defaults be granted, that plaintiff's motion for default judgment be denied, and that the plaintiff be awarded attorneys'

1

fees upon the filing of appropriate documentation.[1] (See 3/10/2020 R&R[2]). Although the plaintiff filed an objection to these recommendations, the Honorable Nicholas G. Garaufis overruled the objection and adopted the Report and Recommendation in full on May 1, 2020. (See 5/4/2020 Order[3]). In that Order, Judge Garaufis directed plaintiff to "submit appropriate documentation to support a fee award as described in the R&R." (5/4/2020 Order at 6).

Presently pending before this Court is plaintiff's renewed motion for attorney fees.[4] For the reasons set forth below, the Court respectfully recommends that plaintiff be awarded fees in the amount of $44,455.00 and denies the claimed costs in the amount of $897.32.

DISCUSSION

A. Attorney's Fees

Plaintiff seeks a total of $44,455.00 in fees based on 126.1 hours of work incurred in connection with this action and an additional $897.32 for costs associated with this action. (See Pl.'s 6/15/2020 Mot.[5]; Pl.'s 6/15/2020 Mem.[6] at 1).

---

[1] Although the Court concluded that defendants' default was not willful (3/20/2020 R&R at 17), courts have the "inherent power to impose a reasonable condition on the vacatur in order to avoid undue prejudice to the opposing party." Powerserve Int'l, Inc. v. Lavi, 239 F.3d 508, 515 (2d Cir. 2001). A court maintains this power even where the court finds that the default was not willful. See id. at 515-16; Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 52 (E.D.N.Y. 2008) (holding that "an award of attorneys' fees and costs upon vacating an entry of default does not require a finding of willfulness on the part of the defaulting party").

[2] Citations to "3/10/2020 R&R" refer to this Court's March 30, 2020 Report and Recommendation, ECF No. 30.

[3] Citations to "5/4/2020 Order" refer to Judge Garaufis' May 4, 2020 Order adopting the Court's March 30, 2020 Report and Recommendation, ECF No. 32.

[4] Although the motion was filed on June 15, 2020, the defendants have not raised any objections to the hours or amount of fees plaintiff requests.

[5] Citations to "Pl.'s 6/15/2020 Mot." refer to plaintiff's June 15, 2020 Motion for Attorney Fees, ECF No. 34.

[6] Citations to "Pl.'s 6/15/2020 Mem." refer to plaintiff's June 15, 2020 Memorandum in Support of the Motion for Attorney Fees, ECF No. 34-3.

2

In support of these requests, plaintiff has submitted the Declaration of Deon J. Nossel, who is of counsel to the firm of Sasson Law PLLC (the "Firm"), representing plaintiff Elena Khotovitskaya in this action. (See Nossel Decl.[7]) Pursuant to New York State Association for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983), the Firm has submitted contemporaneous billing records, setting forth the dates and amount of time during which services were rendered, the hourly rate at which the services were charged, along with the name of the attorney and a description of the services performed. (See Nossel Decl. ¶ 7; Ex. A).

Courts employ the "lodestar" method in calculating reasonable attorneys' fees, multiplying the number of hours reasonably spent by counsel on the matter by a reasonable hourly rate. See Perdue v. Kenny A., 559 U.S. 542, 546, 551-52 (2010); Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011); Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 183 (2d Cir. 2008); Cowan v. Ernest Codelia, P.C., No. 98 CV 5548, 2001 WL 30501, at *7 (S.D.N.Y. Jan. 12, 2001), aff'd, 50 F. App'x 36 (2d Cir. 2002). Although there is a "strong presumption that this amount represents a reasonable fee," the resulting lodestar figure may be adjusted based on certain other factors. Cowan v. Ernest Codelia, P.C., 2001 WL 30501 at *7; see also Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999).

1. Reasonable Hourly Rate

When assessing whether legal fees are reasonable, the Court determines the "presumptively reasonable fee" for an attorney's services by looking to what a reasonable client would be willing to pay. See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of

---

[7] Citations to "Nossel Decl." refer to the Declaration of Deon J. Nossel in support of the Motion for Attorney Fees, dated June 15, 2020, ECF No. 34-1.

Albany, 522 F.3d at 183-84. To calculate the presumptively reasonable fee, a court must first determine a reasonable hourly rate for the legal services performed. Id. To determine the reasonable hourly rate applicable, the Court looks to rates prevailing in the community (i.e., the district) in which the reviewing court sits. Gesualdi v. Dove Mason Supply Co., Inc., No. 19 CV 1181, 2020 WL 1538746, at *6 (E.D.N.Y. Mar. 11, 2020). In Arbor Hill, the Second Circuit adopted the following factors to guide the court's inquiry as to what constitutes a reasonable hourly rate:

> 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the level of skill required to perform the legal service properly; 4) the preclusion of employment by the attorney due to acceptance of the case; 5) the attorney's customary hourly rate; 6) whether the fee is fixed or contingent; 7) the time limitations imposed by the client or the circumstances; 8) the amount involved in the case and the results obtained; 9) the experience, reputation, and ability of the attorneys; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases.

Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d at 187 n.3 (citation omitted). A number of courts within the Second Circuit have applied these factors when awarding attorney's fees. See Manzo v. Sovereign Motor Cars, Ltd., No. 08 CV 1229, 2010 WL 1930237, at *7 (E.D.N.Y. May 11, 2010); Adorno v. Port Auth. of New York & New Jersey, 685 F. Supp. 2d 507, 511 (S.D.N.Y. 2010); Cruz v. Henry Modell & Co., Inc., No. 05 CV 1450, 2008 WL 905351, at *3 (E.D.N.Y. Mar. 31, 2008); see also Lochren v. Cty. of Suffolk, 344 F. App'x 706, 709 (2d Cir. 2009) (noting that district courts need not "recite and make separate findings as to all twelve" factors in awarding fees).

Among other things, the Second Circuit has instructed courts to balance:

> the complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the

>resources required to prosecute the case effectively[,] . . . the timing demands of the case, whether the attorney might have an interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation himself, whether the attorney might have initially acted pro bono[,] . . . and other returns (such as reputation, etc.) the attorney might expect from the representation.

Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d at 184; see also Heng Chan v. Sung Yue Tung Corp., No. 03 CV 6048, 2007 WL 1373118, at *2 (S.D.N.Y. May 8, 2007) (applying the aforementioned considerations). In awarding attorney's fees, the Court is guided by the fact that motions to vacate a default are relatively simple legal matters, taking into account the attorney's degree of skill and the Court's own experience dealing with similar claims.

Here, the firm seeks $450 per hour for work completed by Moshe Sasson, a principal in the Firm, $350 per hour for work completed by Deon Nossel, of counsel to the Firm, and $350 per hour for attorney Yuval Nir, also of counsel. Moshe Sasson has 25 years of litigation experience. (Pls.' 6/15/2020 Mem. at 3). Deon Nossel also has 25 years of litigation experience, while Yuval Nir has 8 years of experience practicing law in New York. (Id.) The Firm notes that these are the fees that each attorney normally charges for their work. (Id. ¶¶ 30, 31, 32).

The Court finds that the rate of $450 per hour for principal Moshe Sasson is reasonable given his litigation experience and is well within the rates commonly awarded partners in this district. See, e.g., Thomas v. City of New York, No. 14 Civ. 7513, 2017 WL 6033532, at *5 (E.D.N.Y. Dec. 1, 2017) (holding that "[a]n hourly rate of $450 remains within the range of rates found reasonable for partners with twenty or more years of experience in this District").

Although the rates for the two attorneys who are of counsel to the firm are on the higher end of the spectrum, the Court finds that rates of $350 per hour for experienced senior associates

5

and of counsel are aligned with reasonable hourly rates for cases of this nature in this District. See Safeco Ins. Co. of Am. v. M.E.S., Inc., No. 09 CV 3312, 2018 WL 2766139, at *7 (E.D.N.Y. June 8, 2018), aff'd, 790 F. App'x 289 (2d Cir. 2019) (holding that "[p]revailing rates for experienced attorneys in the Eastern District of New York range from approximately $300 to $400 per hour"); see also 246 Sears Road Corp. v. Exxon Mobil Corp., No. 09 CV 0889, 2013 WL 4506973, at *12 (E.D.N.Y. Aug. 22, 2013) (collecting cases awarding $275 to $400 per hour for attorneys with seven to sixteen years of experience); Castcapa Construction, LLC v. TMB Services Limited Liability Company, No. 17 CV 1023, 2018 WL 623456, at *3 (E.D.N.Y. Jan. 30, 2018) (awarding $350 to attorney with sixteen years of experience).

2. Reasonable Number of Hours

The next step in awarding attorney's fees is determining the reasonableness of the hours expended by counsel. See, e.g., Irving v. G. & G. Instrument Corp., 19 CV 1597, 2020 WL 1536325 at *5 (E.D.N.Y. Mar. 31, 2020); LaBarbera v. Empire State Trucking, Inc., No. 07 CV 669, 2008 WL 746490, at *4-5 (E.D.N.Y. Feb. 26, 2007). In reviewing a fee application, the court should exclude "excessive, redundant, or otherwise unnecessary" hours. Bliven v. Hunt, 579 F.3d 204, 213 (2d Cir. 2009) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)); Gesualdi v. Dove Mason Supply Co., Inc., 2020 WL 1538746, at *6. If the court finds "that some of the time was not reasonably necessary . . . it should reduce the time for which compensation is awarded accordingly." Louis Vuitton Malletier, S.A. v. LY USA, Inc., 676 F.3d 83, 111 (2d Cir. 2012); see also Struthers v. City of New York, No. 12 CV 242, 2013 WL 5407221, at *8-9 (E.D.N.Y. Sept. 25, 2013) (reducing fees because those requested for responding to motion papers were "excessive"); Jemine v. Dennis, 901 F. Supp. 2d 365, 393 (E.D.N.Y. 2012) (reducing requested fees 10% because the "quality and complexity of the

submissions and calculations" did not reflect the hours expended); Ehrlich v. Royal Oak Fin. Servs., No. 12 CV 3551, 2012 WL 5438942, at *3-4 (E.D.N.Y. Nov. 7, 2012) (reducing attorneys' fees because the attorney's litigation of the suit made apparent his "lack of experience" and because his billing record contained duplicative entries); Quinn v. Nassau Cnty. Police Dep't., 75 F. Supp. 2d 74, 78 (E.D.N.Y. 1999) (reducing one attorney's fees by 20% and another's by 30% for unnecessary and redundant time); American Lung Ass'n v. Reilly, 144 F.R.D. 622, 627 (E.D.N.Y. 1992) (finding that "use of so many lawyers for relatively straightforward legal tasks was excessive and led to duplication of work" and deducting 40% of plaintiffs' lawyer's hours).

Rather than itemizing individual entries as excessive, the court may make an "across-the-board reduction, or percentage cut, in the amount of hours." T.S. Haulers, Inc. v. Cardinale, No. 09 CV 451, 2011 WL 344759, at *3 (E.D.N.Y. Jan. 31, 2011) (citing Green v. City of New York, 403 F. App'x 626, 630 (2d Cir. 2010)).  Similarly, courts routinely apply across-the-board reductions for vague entries.  See, e.g., Kirsch v. Fleet Street, Ltd., 148 F.3d 149, 173 (2d Cir. 1998) (affirming district court's 20% reduction in attorneys' fees for "vagueness, inconsistencies, and other deficiencies in the billing records"); Moore v. Diversified Collection Servs., Inc., No. 07 CV 397, 2013 WL 1622949, at *4 (E.D.N.Y. Mar. 19, 2013) (reducing attorney's fees by 10% due to the "vagueness and incompleteness" of some of the entries); Tucker v. Mukasey, No. 03 CV 3106, 2008 WL 2544504, at *2 (S.D.N.Y. June 20, 2008) (reducing fees by 30% in part because although some entries were detailed, others were vaguely worded or inconsistent); Marisol A. ex rel. Forbes v. Giuliani, 111 F. Supp. 2d 381, 396-97 (S.D.N.Y. 2000) (concluding that "the vagueness of some of the time records prevents the Court from determining why plaintiffs were required to expend so many hours on these tasks" and

accounting for this factor by reducing fees by 15%); Cabrera v. Fischler, 814 F. Supp. 269, 290 (E.D.N.Y. 1993) (reducing fees by 30% for vague entries with insufficient descriptions of work performed), rev'd in part & remanded on other grounds, 24 F.3d 372 (2d Cir.), cert. denied, 513 U.S. 876 (1994).

As noted above, the Firm has submitted contemporaneous billing records, setting forth the dates and amount of time during which services were rendered, the hourly rate at which the services were charged, and the names of the individuals who provided these services, along with a description of services performed. (See Nossel Decl., Ex. A). The entries are consistent, in dates and descriptions, with plaintiff's motion practice seeking default and litigating defendants' motion to vacate the default. The fees are claimed for the work required to obtain certificates of default, move for default judgment, oppose defendants' motion to vacate the default, and prepare for oral argument. The Firm billed for the work required to research and draft papers, complete affidavits, discuss litigation strategy internally, and correspond with the client. As such, the Firm seeks only to recover fees that were incurred due to defendants' failure to answer the Complaint. In total, counsel at the Firm have billed 126.1 hours for this purpose. (Nossel Decl. ¶ 34).

Having reviewed the billing records provided, the Court finds that the number of hours billed are not objectively unreasonable. As such, the Court finds no need to reduce the hours for which plaintiff seeks fees.

Accordingly, the Court respectfully recommends that plaintiff be awarded compensation for **126.1** hours of work performed by the attorneys at the Firm, calculated at the rate of $450 per hour for Mr. Sasson, $350 per hour for Mr. Nossel, and $350 per hour for Mr. Nir. Based on the billing records provided, the Court respectfully recommends that plaintiff be awarded $44,455.00 in attorney's fees.

B. Costs

Plaintiff has also requested $897.32 in costs incurred for translation services in connection with the plaintiff's two declarations submitted in support of her request for default judgment and in opposition to defendants' motion to vacate. The Court is unable to award costs for translator services without supporting documentation. See, e.g., Piedra v. Ecua Rest., Inc., No. 17 CV 3316, 2018 WL 1136039, at *20 (E.D.N.Y. Jan. 31, 2018) (denying reimbursement for translation costs when plaintiff failed to attach an invoice or receipt for those services). Here, plaintiff's contemporaneous billing records reflect two charges totaling $897.32 for services in connection with the translation of documents for submission to the Court. (See Nossel Decl., Ex. A., at 10, 12). However, plaintiff has not submitted any invoice or receipt to substantiate these charges. The Court respectfully recommends that the request for costs be denied subject to a further submission from counsel.

CONCLUSION

In light of the foregoing, the Court respectfully recommends that plaintiff be awarded damages in the amount of **$44,455.00 in attorney's fees**, reflecting time expended and costs incurred due to defendants' failure to timely answer the Complaint.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's Order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008).

The Clerk is directed to send copies of this Report and Recommendation to the parties

either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
       October 29, 2020

/s/ Cheryl L. Pollak
Cheryl L. Pollak
Chief United States Magistrate Judge
Eastern District of New York