UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
ELENA KHOTOVITSKAYA f/k/a ELENA PANOVA,

                    Plaintiff,

        -against-

ALBERT SHIMUNOV and DAVID SHIMUNOV,

                    Defendants.

**MEMORANDUM & ORDER**
**18-CV-7303 (NGG) (CLP)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Elena Khotovitskaya, formerly known as Elena Panova, brings this breach of contract action against Defendants Albert and David Shimunov. Pending before the court are Plaintiff's initial cross-motion and renewed motion for attorneys' fees and costs. (*See* Oct. 9, 2019 Cross-Mot. for Attys.' Fees (Dkt. 22); June 15, 2020 Mot. for Attys.' Fees (Dkt. 34).) Also pending is Chief Magistrate Judge Cheryl L. Pollak's October 29, 2020 Report and Recommendation (the "October R&R") recommending that the court grant Plaintiff's request for $44,455.00 in attorneys' fees and deny Plaintiff's request for $897.32 in costs. (*See* Oct. R&R (Dkt. 39) at 9-10.) Plaintiff and Defendants both filed timely objections to the October R&R. (*See* Pl.'s Obj. to Oct. R&R ("Pl.'s Obj.") (Dkt. 40); Defs.' Obj. to Oct. R&R ("Defs.' Obj.") (Dkt. 40).)

For the reasons explained below, Plaintiff's objections are SUSTAINED, Defendants' objections are OVERRULED and Judge Pollak's October R&R is MODIFIED in part and ADOPTED in part.

**I.  BACKGROUND**

Plaintiff filed this action on December 2, 2018, seeking to recover $2,050,000 plus interest under nine promissory notes that Defendant Albert Shimunov had issued and that Defendant David Shimunov had guaranteed. (Compl. (Dkt. 1) ¶¶ 8-12, 21.) After Defendants failed to respond to Plaintiff's complaint, the court entered certificates of default against them. (*See* Clerk's Entry of Default Against Albert

Shimunov (Dkt. 8); Clerk's Entry of Default Against David Shimunov (Dkt. 11).) Plaintiff moved for default judgment and for attorneys' fees and costs incurred in obtaining the defaults, and Defendants moved to vacate the defaults. (*See* Pl.'s Mot. for Default J. (Dkt. 15); Defs.' Mot. to Set Aside Default J. (Dkt. 20); Pl.'s Cross-Mot. for Attys.' Fees (Dkt. 22).)

On March 10, 2020, Chief Magistrate Judge Cheryl L. Pollak issued a Report & Recommendation (the "March R&R") addressing the parties' motions. (*See* March R&R (Dkt. 30).) The March R&R recommended granting Defendants' motion to set aside the defaults and denying Plaintiff's motion for default judgment. The March R&R additionally recommended granting Plaintiff's request for attorneys' fees upon fil- ing of appropriate documentation. Plaintiff filed timely objections to the March R&R on March 24, 2020. (*See* Pl.'s Obj. to March R&R (Dkt. 30).) This court overruled Plaintiff's objections and adopted the March R&R on May 4, 2020. (*See* Order Adopting March R&R (Dkt. 31).)

On June 15, 2020, Plaintiff filed a renewed motion for attorneys' fees. (Pl.'s Mot. for Attys.' Fees (Dkt. 34).) In support of that motion, Plaintiff submitted billing entries reflecting tasks performed from February 19, 2019 to November 22, 2019, which identified the date, description, hours, rate, and total amount billed for each task. (Pl.'s Mot. Ex. A (Dkt. 34-2).) Those records also included two billing entries reflecting costs for translation services. (*Id.* at 10, 10.) Those two entries are listed as "Translation Fees (Transperfect)", dated August 12, 2019, for $497.32, and October 16, 2019, for $400. (*Id.*) Plaintiff submitted a Memoran- dum of Law in support of her motion, arguing that the attorneys' fees were reasonable based on each attorney's skill and experience. (Pl.'s Mem. in support of Mot. for Attys.' Fees (Dkt. 34-3).) The memoran- dum also asserted that Plaintiff should be awarded reasonably incurred costs. (*Id.* at 5.)

On October 29, 2020, Judge Pollak issued the October R&R addressing Plaintiff's renewed motion for attorneys' fees and costs. The October

R&R recommended granting Plaintiff's request for $44,455.00 in attorneys' fees incurred due to Defendants' failure to answer the complaint in a timely manner and rejecting Plaintiff's request for $897.32 in costs incurred for translation services, subject to a further submission from counsel. (October R&R at 2-9.) On costs, the October R&R determined that Plaintiff's reliance on the two billing entries alone for translation services was not adequate to substantiate the claimed expenses. (*Id.* at 8-9.) Plaintiff filed timely objections to the denial of costs and submitted two invoices ("the Invoices") detailing translation services provided by TransPerfect Translations International, Inc. in support of her objections. (Pl.'s Obj.; Pl.'s Obj. Ex. A (Dkt. 40-1).) Defendants filed timely objections to the attorneys' fee award recommended in the October R&R. (Defs.' Obj.)

## II. LEGAL STANDARD

In reviewing a report & recommendation, the district court "may adopt those portions of the report to which no objections have been made and which are not facially erroneous*." Romero v. Bestcare Inc.*, No. 15-CV-7397 (JS), 2017 WL 1180518, at *2 (E.D.N.Y. Mar. 29, 2017);[1] *see also Impala v. U.S. Dep't of Justice*, 670 F. App'x 32, 32 (2d Cir. 2016) (summary order) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision."). "A decision is 'clearly erroneous' when the Court is, 'upon review of the entire record, left with the definite and firm conviction that a mistake has been committed.'" *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339-40 (S.D.N.Y. 2009) (quoting *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006)).

The district court must review *de novo* "those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). To obtain *de novo* review, an objecting party "must

---

[1] When quoting cases, unless otherwise noted, all citations and quotation marks are omitted and all alterations are adopted.

point out the specific portions of the [R&R]" to which it objects. *Sleepy's LLC v. Select Comfort Wholesale Corp.*, 222 F. Supp. 3d 169, 174 (E.D.N.Y. 2016). If a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the [R&R] only for clear error." *Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (holding that plaintiff's objection to an R&R was "not specific enough" to "constitute an adequate objection under . . . Fed. R. Civ. P. 72(b)"). Pursuant to Federal Rule of Civil Procedure 72(b)(2), such objections must be served and filed "[w]ithin 14 days after being served with a copy of the recommended disposition." *See also* 28 U.S.C. § 636(b)(1).

## III. DISCUSSION

### A.   Plaintiff's Objections

Plaintiff properly served and filed objections to the October R&R on November 12, 2020, within 14 days of the issuance of the October R&R. She specifically objected to the portion of the R&R that recommended denying $897.32 in costs incurred for translation services "in connection with Plaintiff's two declarations submitted in support of her request for default judgment and in opposition to Defendants' motion to vacate . . . ." (Pl.'s Obj at 1.) Because Plaintiff specifically identified the portion of the October R&R to which she objects, the court will review that portion of the October R&R *de novo*.

Based on *de novo* review, this court finds that the October R&R correctly recommended that Plaintiff's request for translation costs be denied, subject to a supplemental submission of invoices to substantiate these charges. Courts are unable to award costs for translation services without supporting documentation. *See Piedra v. Ecua Rest., Inc.*, No. 17 CV 3316 (PKC) (CLP), 2018 WL 1136039, at *20 (E.D.N.Y. Jan 31, 2018) (holding that without supporting documentation, the court cannot simply accept "at face value" the costs for translation services that plaintiff seeks). Plaintiff had submitted billing records

4

reflecting a total amount of $897.32 in costs for translation services, but she did not submit invoices or receipts to substantiate the claimed amount. Because she did not substantiate the translation charges, the October R&R properly recommended denying costs.

Plaintiff submitted two invoices as exhibits to her objections to the October R&R. (Pl.'s Obj. Ex. A.) Where a magistrate judge's R&R denies a request on the basis of inadequate documentation and supplemental documentation is provided to substantiate the request, the district court may instruct the magistrate judge to reconsider the request in light of this additional evidence. *See Vidalco Int'l LLC v. 3 G's Vino LLC*, No. 16 Civ. 5241 (PAE), 2018 WL 5023943, at *2 (S.D.N.Y. Oct. 17, 2018). Alternatively, the district court may exercise its "discretion to consider evidence that had not been submitted to the Magistrate Judge." *Hynes v. Squillace*, 143 F.3d 653 (1998); *see also* 28 U.S.C. § 636(b) (permitting the district court to "receive further evidence"); Fed. R. Civ. P. 72(b) (same). Consistent with this authority and in the interest of judicial efficiency, this court exercises its discretion to consider the newly submitted evidence and finds that the two invoices adequately substantiate Plaintiff's claims for $897.32 in costs. Plaintiff has provided copies of two invoices from TransPerfect Translations International, Inc. to Sasson Law PLLC for the translation services in support of her objections. (Pl.'s Obj. Ex. A.)  The first invoice, dated June 26, 2019, is for $497.32, and the second invoice, dated September 30, 2019, is for $400.00. (*Id.*) Each invoice identifies the name of the vendor, the invoice date and contract number, and the amount charged for translation and proofreading for each transcript. The details included in these invoices adequately substantiate the cost incurred for translation services. Thus, Plaintiff should be awarded $897.32 in costs incurred for translation services.

### B.   Defendants' Objections

On November 12, 2020, Defendants served and filed timely objections to the attorneys' fees award recommended in the October R&R. Defendants specifically object to the determination of the award based

5

on the number of hours that Plaintiff's counsel claims to have expended. They assert that the declaration of Plaintiff's counsel "is not sufficiently detailed nor is it clear, given the limited scope of the defense to the motion, that all of the hours billed were necessary." (Defs.' Obj. ¶ 8.) Defendants assert that "compensation for 126.1 hours, which is more than three full 40 hour weeks, seems on its face to be objectively an unreasonable amount of time to defend a motion to vacate a default." (*Id.* ¶ 10.) Defendants ask this court to "modify the [October R&R] by reducing the fees awarded across-the-board to such sum as this Court believes is reasonable for an unsuccessful opposition to a motion to vacate a judgment by default." (*Id.* at 3.) Because Defendants have specifically identified the portion of the October R&R to which they object, the court reviews the portion concerning the number of hours purportedly expended to defend the motion to vacate *de novo*.

Excessive and unreasonable hours may be excluded from a fee computation by making an across-the-board reduction in the number of hours billed. *See In re "Agent Orange" Prod. Liab. Litig.*, 818 F.2d 226, 237-38 (2d Cir. 1987). The number of hours expended are unreasonable if they are excessive, redundant, or unnecessary. *See LaBarbera v. Frank J. Batchelder Transp. LLC*, No. 08-CV-3387, 2009 WL 240521, at *4 (E.D.N.Y. Feb 2, 2009). Although motions to vacate a default are relatively simple legal matters, the number of hours billed by counsel here is not objectively unreasonable. (Oct. R&R at 8.) *See Clarke v. Frank*, 960 F.2d 1146 (2d Cir. 1992) (holding that district court was well within its discretion in finding that a simple case with a single issue required attorney to expend 120 hours). Defendants argue that Mr. Nossel's declaration in support of Plaintiff's motion for attorneys' fees was insufficiently detailed and therefore it is unclear that all hours billed were necessary, relying on *Cabrera v. Fischler*, 814 F. Supp 269 (E.D.N.Y. 1993), where this court reduced the lodestar amount by thirty percent due to insufficient descriptions. However, Defendants have failed to demonstrate that Plaintiff's counsel submitted vague or

insufficient descriptions. Plaintiff's counsel has submitted contemporaneous billing records, which provide descriptions of services performed and the number of hours expended on these services. Given that Plaintiff's counsel claimed these fees to "research and draft papers, complete affidavits, discuss litigation strategy internally, and correspond with the client," the court finds that the 126.1 hours of work performed were neither excessive nor unreasonable. (Oct. R&R at 8). Thus, the October R&R properly recommended awarding Plaintiff $44,455.00 in attorney's fees.

No party has objected to the remainder of the October R&R, and the time to do so has passed. *See* Fed. R. of Civ. P. 772(b)(2). Therefore, the court reviews Judge Pollak's recommendations regarding the reasonableness of the rates of Plaintiff's counsel for clear error. Because Plaintiff has articulated the reasonableness of the attorneys' rates based on each attorney's skill and experience, the court finds no clear error and ADOPTS those determinations set out in the October R&R.

### IV. CONCLUSION

For the reasons stated above, Plaintiff's objection is SUSTAINED, Defendants' objection is OVERRULED, and Judge Pollak's October R&R is MODIFIED in part and ADOPTED in part.


SO ORDERED.


Dated:     Brooklyn, New York
           March 9, 2021

                                          /s/ Nicholas G. Garaufis
                                          NICHOLAS G. GARAUFIS
                                          United States District Judge