ishimbayev
LAW FIRM

Ishimbayev Law Firm P.C.
1 World Trade Center, Suite 8500
New York, NY 10007
Tel: +1-212-220-6548
Fax: +1-212-658-9376

September 8, 2026

**VIA ECF**

Hon. Taryn A. Merkl, U.S.M.J.
United States District Court,
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:** Khotovitskaya v. Shimunov (1:18-cv-07303 (NGG) (TAM)),
status and cure letter pursuant to the Court's July 7, 2026 Order

Dear Judge Merkl:

This office represents the judgment creditor and writes pursuant to the Court Order, dated July 7, 2026 Order (ECF No. 78), which denied the judgment creditor's motion without prejudice and directed that, by July 21, 2026, the judgment creditor assess the sufficiency of service of her information subpoenas on the five Non-Party Recipients, provide an updated declaration or a letter outlining anticipated next steps and proposed timing, and serve a copy of the Order on the Non-Party Recipients with proof filed via ECF.

We apologize to the Court for the lateness of this response and respectfully submit this letter to outline the cure now in progress. Having reviewed the prior service against the requirements of CPLR 5224(a)(3) identified in the Order, the judgment creditor will not stand on the prior mailings. Instead, she is re-serving each Non-Party Recipient with a fresh information subpoena that complies with the statute in every respect the Order identified: each subpoena is accompanied by an original and copy of the written questions and a prepaid, addressed return envelope; each includes the certification required by CPLR 5224(a)(3)(i), stating the factual basis for the judgment creditor's reasonable belief and certifying compliance with the CPLR and General Business Law § 601; and, to place actual receipt beyond dispute, service is being made by personal delivery through a licensed process server rather than by mail, with affidavits of service to follow. Fresh restraining notices under CPLR 5222 are being served the same way on the Non-Party Recipients and on both judgment debtors (more than one year having passed since the prior notices, no leave is required under CPLR 5222(c)), with the notice to the judgment debtors required by CPLR 5222(d) and (e) and the exemption papers required by CPLR 5222-a for the banking institution.

ishimbayev
LAW FIRM

Ishimbayev Law Firm P.C.
1 World Trade Center, Suite 8500
New York, NY 10007
Tel: +1-212-220-6548
Fax: +1-212-658-9376

A copy of the Court's July 7, 2026 Order is included in each service package, and proof of that service will be filed via ECF as the affidavits are returned. The judgment creditor anticipates completing service on all recipients within thirty days of this letter. If any recipient fails to respond within seven days of service as CPLR 5224(a)(3) requires, the judgment creditor will renew her motion to compel under CPLR 2308(b) and Fed. R. Civ. P. 69(a)(2) on the full record of compliant service, and respectfully proposes to do so by letter motion or in the form the Court directs.

The judgment creditor respectfully requests that the Court accept this letter as the outline of anticipated next steps and proposed timing contemplated by the Order, with proof of service of the Order on the Non-Party Recipients to follow via ECF as the affidavits are returned.

The Court's docket also reflects the related enforcement action commenced August 29, 2026, *Khotovitskaya v. Shimunov* (1:26-cv-05350 (NGG) (TAM)), which has been designated related to this case. We thank the Court for its attention to this matter.

Respectfully submitted,

/s/*Marc Jonas Block*/
Marc Jonas Block, Esq.
*Attorneys for the Judgment Creditor*

cc: All Non-Party Recipients (by service with the enclosed packages)